IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

EARL D. PHIFFER,

                ORDER

         Plaintiff,

                09-cv-285-slc[1]

    v.

JON DOE, Sheriff, JON DOE, Officer One,
JON DOE, Officer Two, JON DOE, Officer Three,
JON DOE, Officer Four, JON DOE, Officer Five,
JON DOE, Officer Six, JON DOE, Officer Seven,
Hon. MICHAEL J. BYRON, A.D.A., MR. GERALD
URBIK and Atty. MR. JOSHUA KLAFF, in their
individual and official capacities,

         Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

EARL D. PHIFFER,

                ORDER

         Plaintiff,

                09-cv-286-slc

    v.

Warden, GREGORY GRAMS and
Sgt. PISCHKE, individually and in
their official capacities,

         Defendants.

---

[1] For the purpose of issuing this order, Judge Barbara Crabb is acting for the Court.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff has filed a letter requesting a refund of his filing fee payments as well as an order instructing the institution where he is housed to cease deducting the filing fees from these cases from his inmate account. In the letter, plaintiff states incorrectly that this court previously waived his filing fees in these closed cases. I construe the letter as a motion to refund his filing fees. The motion must be denied.

Plaintiff is advised that the court did not waive his $350 filing fees in these cases. Rather, the court allowed plaintiff to proceed without prepayment of the filing fees. Plaintiff is still obligated to pay his filing fees in full even though his complaints were dismissed. Under the Prison Litigation Reform Act, an inmate who files a lawsuit in federal court under the in forma pauperis statute must pay the $350 filing fee, first by making an initial partial payment and then by sending the remainder of the fee to the court in installments of 20% of the preceding month's income in accordance with 28 U.S.C. § 1915(b)(2). If the prisoner then files additional complaints or appeals, the amount owed increases as well. Newlin v. Helman, 123 F.3d 429, 436 (7th Cir. 1997), rev'd on other grounds by Lee v. Clinton, 209 F.3d 1025 (7th Cir. 2000) and Walker v. O'Brien, 216 F.3d 626 (7th Cir. 2000). Unfortunately, in 28 U.S.C. § 1915, Congress has dictated the manner in which prisoners must pay the fees for filing federal lawsuits and I have no discretion to modify this method. Therefore, I must deny plaintiff's plaintiff's motion to refund his filing fees.

ORDER

IT IS ORDERED that plaintiff Earl Phiffer's motion to refund his filing fees is DENIED.

Entered this 28th day of October, 2010.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge